B27 (Official Form27) (12/09)

United States Bankruptcy Court
Eastern District Of North Carolina

In re    Virginia L Patterson                              Case No.    11-07459
         Robert C Patterson
         _____

              Debtor                                       Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.  Creditor's Name: <u>American Honda Finance Corp.</u>

2.  Amount of the debt subject to this reaffirmation agreement:
    <u>$7,654.98</u> on the date of bankruptcy
    <u>$7678.38</u> to be paid under reaffirmation agreement

3.  Annual percentage rate of interest: <u>7.49</u>% prior to bankruptcy
    <u>7.49</u>% under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4.  Repayment terms (if fixed rate): $<u>177.23</u> per month for <u>50</u> months

5.  Collateral, if any, securing the debt: Current market value: $<u>6,035.00</u>
    Description: <u>2011 Honda Rancher At,         1HFTE3741B4200301</u>

6.  Does the creditor assert that the debt is nondischargeable? ___Yes  ✓ No
    (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. Total monthly income from Schedule I, line 16 | $ 3728 | 7B. Monthly income from all sources after payroll deductions | $ 3,728 |
| 8A. Total monthly expenses from Schedule J, line 18 | $ 2,974 | 8B. Monthly expenses | $ 2,974 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J | $ ∅ | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses | $ ∅ |
| | | 10B. Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $ 754 |

B27 (Official Form27) (12/09)                                                                                          Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

    _____    _____
    _____    _____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    _____    _____
    _____    _____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____        _____
Signature of Debtor (only required if    Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)              required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
       ✓ Yes _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
       ✓ Yes _____ No

### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

*Adrian Lopez*   Bankruptcy Collector
Print/Type Name & Signer's Relation to Case

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Eastern District of North Carolina

| | |
|---|---|
| In re  Virginia L Patterson  Robert C Patterson  *Debtor* | Case No. 11-07459  Chapter 7 |

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** American Honda Finance Corporation

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Retail Installment Finance Agreement

*For example, auto loan*

B. **AMOUNT REAFFIRMED:** $7678.38

> The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before October 5, 2011, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is 7.49%.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)*   ☒ Fixed rate     ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☒ $177.23 per month for 50 months starting on October 17, 2011.

☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount. _____

E. Describe the collateral, if any, securing the debt:

Description: 2011 Honda Rancher At, VIN: 1HFTE3741B4200301
Current Market Value: $6,035.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒ Yes. What was the purchase price for the collateral?   $8,847.09

☐ No. What was the amount of the original loan?   $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ N/A | $ N/A |
| Annual Percentage Rate | N/A % | N/A % |
| Monthly Payment | $ N/A | $ N/A |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

**PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.   ☒ Yes   ☐ No

B. Is the creditor a credit union?

Check one.   ☐ Yes   ☒ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions (take-home pay plus any other income)     $ 3,728

   b. Monthly expenses (including all reaffirmed debts except this one)     $ 2,796

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)     $ 932

   d. Amount of monthly payment required for this reaffirmed debt     $ 177.23

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   ☑ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   _____
   _____
   _____

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

    (1)    I agree to reaffirm the debt described above.

    (2)    Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

    (3)    The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

    (4)    I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

    (5)    I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 10-20-11    Signature _Virginia L. [illegible]_ Debtor

Date 10-20-11    Signature _Ralf C [illegible]_ Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor**:

Creditor: American Honda Finance Corporation    P.O. Box 168088, Irving, TX 75016-8088
*Print Name*    *Address*

_Adrian Lopez_    _[signature]_    10/5/2011
*Print Name of Representative*    *Signature*    *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement. _DM_

☐    A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 11/4/11    Signature of Debtor's Attorney _[signature]_

Print Name of Debtor's Attorney _David F. Mills_

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end contract, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your contract may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your contract to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of North Carolina

In re  Virginia L Patterson  
     Robert C Patterson  
*Debtor(s)*

Bankruptcy Case No.: 11-07459

Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: _Virginia L Patterson_  
(Debtor)

_Robert C Patterson_  
(Joint Debtor, if any)

Date: 10-20-11

# HONDA Financial Services

**RETAIL INSTALLMENT CONTRACT**
**CONSUMER CREDIT DOCUMENT**
**NORTH CAROLINA**

Contract Date: 11-17-10

Account Number: ...



| Name (Primary Buyer) | Dealer # |
|---|---|
| VIRGINIA LYNN PATTERSON | 104860 |

| Name (Buyer) | Name |
|---|---|
| ROBERT CECIL PATTERSON | HONDA SUZUKI OF SANFORD |

| Address | Address |
|---|---|
| 1464 PROSPECT CHURCH RD | P.O. BOX 2520 |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| DUNN | NC | 28334 | SANFORD | NC | 27331 |

**THE VEHICLE/GOODS ARE:**

| MODEL YEAR (If Applicable) | MAKE | MODEL | IDENTIFICATION NO (Complete Serial or Motor No.) | TYPE OF PRODUCT | KEY CODE |
|---|---|---|---|---|---|
| 2011 | HONDA | TRX420FAB | 1HFTE3741B4200301 | ALL TERRAIN VEHICLE | |

**EQUIPMENT INCLUDED:** ☐ Fairing  ☐ Saddle Bag  ☐ Radio  ☐ Rack

**EQUIPMENT NOT SPECIFIED ABOVE:**

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. | Total Sale Price. The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 7.49 % | $ 1786.71 | $ 8847.09 | $ 10633.80 | $ 10633.80 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 60 | 177.23 | MONTHLY, BEGINNING December 17, 2010 |

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged 5% of the unpaid portion of the payment or $6.00, whichever is less.
**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.
**SECURITY:** You are giving a Security Interest in the Vehicle/Goods being purchased.
**NOTE:** See the reverse side of this document for additional information about nonpayment, default, checks returned for insufficient funds, any repayment in full before the scheduled date and prepayment refunds.

INSURANCE AGAINST LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS TRANSACTION.

FOR THE PURCHASE OF A MOTOR VEHICLE, PHYSICAL DAMAGE INSURANCE ON THE VEHICLE IS REQUIRED TO OBTAIN CREDIT. BUYER MAY OBTAIN SUCH INSURANCE FROM ANYONE CHOSEN BY BUYER ACCEPTABLE TO SELLER.

## INSURANCE

Buyer voluntarily requests the credit insurance checked below, if any, and understands that such insurance is not required to obtain credit. Buyer acknowledges disclosure of the cost of such insurance and authorizes it to be included in the balance payable under this Contract.

| TYPE | PREMIUM | TERM |
|---|---|---|
| Credit Life | $ N/A | N/A |
| Joint Life | $ N/A | N/A |
| Credit Disability | $ N/A | N/A |
| TOTAL PREMIUMS | $ 0.00 | |

☐ Buyer wants Credit Life Insurance.

Date _____  Primary Buyer (Signature) _____

Date _____  Buyer (Signature) _____

☐ Buyer wants Credit Disability Insurance (Primary Buyer Only).

Date _____  Primary Buyer (Signature) _____

TOTAL INSURANCE PREMIUMS ARE DESCRIBED IN ITEM 4.

**AGREEMENT:** The undersigned Seller agrees to sell and the undersigned Buyer, jointly and severally if more than one, agrees to purchase the Vehicle/Goods described above and all equipment included, subject to the terms of this Contract.

## ITEMIZATION OF AMOUNT FINANCED

1. CASH PRICE
   A. Vehicle/Goods (including accessories, delivery, and installation charges) ........... $ 7,399.00 (1A)
   B. Documentation Preparation Charge ........... $ 52.00 (1B)
   C. Sales Tax ........... $ 596.09 (1C)
   D. Total Cash Sales Price (1A plus 1B plus 1C) ........... $ 8,047.09 (1D)
2. DOWNPAYMENT
   A. Manufacturer's Rebate (if any) ........... $ 0.00 (2A)
   B. Cash Downpayment ........... $ 0.00 (2B)
   C. Total Cash Portion Of Downpayment (2A plus 2B) ........... $ 0.00 (2C)
   Trade-In Description/Allowance
   Description: Yr_____ Make_____
   Model_____ VIN_____
   D. Trade-In Allowance ........... $ 0.00 (2D)
   E. Amount Owed on Trade-In
   Owed to: _____ ........... $ 0.00 (2E)
   F. Net Trade-In (2D minus 2E) (Disclose as zero if negative) ........... $ 0.00 (2F)
   G. Amount to Finance
   (if 2D minus 2E is negative, see 4I below. Amount not included in (3) ... $ 0.00 (2G)
   H. Total Downpayment (2C plus 2F) ........... $ 0.00 (2H)
3. TOTAL UNPAID CASH BALANCE (1D minus 2H) ........... $ 8,047.09 (3)
4. AMOUNTS PAID TO OTHERS ON YOUR BEHALF
   Insurance/Service Agreement
   A. Credit Life Premium** ........... $ 0.00 (4A)
   B. Credit Disability Premium** ........... $ 0.00 (4B)
   C. Extended Service Contract** ........... $ 800.00 (4C)
   D. Other**: Theft / Tire & Wheel Protection ........... $ 0.00 (4D)
   Official Fees
   E. Registration Fees ........... $ 0.00 (4E)
   F. Title/Lien Fees ........... $ 0.00 (4F)
   G. Other Official Fees ........... $ N/A (4G)
   H. Other Official Fees ........... $ N/A (4H)
   Other Charges
   I. Outstanding Balance on Trade-In Paid to:
   (see 2G above) ........... $ 0.00 (4I)
   J. To**: RPMONE for Gap Protection ........... $ 0.00 (4J)
   K. To**: RPMONE for Pre Paid Maint. ........... $ 0.00 (4K)
   L. Total Amounts Paid On Your Behalf (4A through 4K) ........... $ 800.00 (4L)
5. AMOUNT FINANCED (3 plus 4L) ........... $ 8,847.09 (5)
   **Seller may be retaining a portion of these amounts.

**PROMISE TO PAY:** Buyer promises to pay to Seller, at the above address, or other address that may be specified, the Amount Financed shown above, plus finance charges at the Annual Percentage Rate shown above computed on the unpaid balance outstanding from time to time; plus any applicable delinquency, dishonored payment and other charges provided in this Contract or otherwise provided by law. Monthly payments are due in the amount and at the times shown above; the final payment will be adjusted to reflect additional or lesser amounts due on the final payment date. The actual amount of the final payment will depend upon whether Buyer makes payments on time. Early payments will have the effect of reducing the final payment, while late payments will cause it to be higher.

**ASSIGNMENT:** Buyer agrees that this Contract may be assigned by the Seller. Buyer agrees that if this Contract is assigned by the Seller, the Assignee shall have all rights of the Seller under this Contract.

THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE SELLER. THE SELLER MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT TO RECEIVE A PART OF THE FINANCE CHARGE.

## ADDITIONAL TERMS

**Prepayment**
Buyer has the right to pay this Contract in full at any time without penalty.

**Security Interest**
Buyer grants to Seller a Security Interest in the Vehicle/Goods and in all accessories, which Security Interest secures the payment and performance of all obligations of Buyer under this Contract.

**Late Charge/Returned Payment Charge**
If a payment is more than 10 days late, Buyer will be charged 5% of the unpaid portion of the payment or $6.00, whichever is less.

Buyer will pay an administrative charge of $25.00 for any payment tendered that is dishonored for any reason by a depository institution.

**Insurance**
Buyer agrees to keep the Vehicle/Goods in good condition and, with respect to a Vehicle, fully insured against loss, theft or damage with Seller named as loss payee.

Buyer further agrees to have Seller named as loss payee on any insurance financed by Seller. Buyer agrees to remit to Seller within 10 days of receipt for application against the indebtedness under this Contract any premiums returned or rebated to Buyer and any proceeds of insurance financed by Seller that are paid to Buyer.

If Buyer fails to maintain adequate insurance on the Vehicle, Seller may (but is not required to) purchase such insurance to protect Seller's interest in the Vehicle. Buyer understands and agrees that any insurance Seller purchases may be for the protection of only Seller's interest in the Vehicle, and that the insurance premiums may be higher if Seller must purchase insurance than if Buyer had purchased the insurance. Buyer will pay the cost of such insurance on demand, with finance charges at the rate stated in this Contract, and that amount shall become part of the debt secured by this Contract.

**Buyer's Agreements**
Buyer agrees to pay all amounts owing under this Contract even if the Vehicle/Goods are damaged, destroyed or missing. Buyer agrees to keep the Vehicle/Goods in good condition and will not make any alterations to the Vehicle/Goods without Seller's written consent. Buyer agrees not to take the Vehicle/Goods from the state where Buyer lives for more than 30 days without Seller's written consent, and will notify Seller immediately of any change in Buyer's address. Buyer will not sell, rent, lease or otherwise transfer any interest in the Vehicle/Goods, and will not assign Buyer's rights or obligations under this Contract. Buyer will not expose the Vehicle/Goods to misuse, seizure, or confiscation, or other involuntary transfer, even if the Vehicle/Goods were not the subject of judicial or administrative action. If Seller pays any repair bills, storage bills, taxes, fines, tickets or other charges on the Vehicle/Goods, Buyer agrees to repay the amount to Seller immediately upon demand.

**Buyer's Representations**
Buyer promises that Buyer has given true and correct information in the application for credit, and has no knowledge that would make that information untrue in the future. Buyer has relied on the truth and accuracy of that information in entering into this Contract. Buyer promises that Buyer has given a true payoff amount on any Vehicle/Goods traded in. If that payoff is more than the amount shown in the Itemization of Amount Financed on the front of this Contract, Buyer will pay Seller the excess amount upon demand.

**Default**
Buyer will be in default hereunder, and Seller can declare all or any part of the amount Buyer owes due and payable at once, for any of the following reasons:
(1) Non-payment of indebtedness or non-performance of any obligations hereunder, when due.
(2) Failure to keep the Vehicle/Goods in good condition or for making any alterations to the Vehicle/Goods without Seller's written consent.
(3) Breach of any of Buyer's obligations under this Contract.

**Repossession**
Buyer hereby irrevocably consents to any act, not prohibited by law, by the Seller or its Agents in entering upon any premises for the purpose of either (1) inspecting the Vehicle/Goods or (2) taking possession of the Vehicle/Goods after an event of default, without notice or demand or legal process.

Buyer agrees that in the event the Seller takes possession of the Vehicle/Goods in accordance with this Contract, Seller may store personal property found in the Vehicle/Goods at Buyer's expense. If Buyer does not claim the property within 10 days of repossession Seller may, as permitted by applicable law, dispose of the property in any manner Seller deems appropriate without liability to Buyer

**Sale of Repossessed Vehicle/Goods**
If Seller repossesses the Vehicle/Goods, Seller can sell it and apply the money received to what Buyer owes. The sale will be governed by the Uniform Commercial Code and other applicable laws. Buyer agrees that Buyer will be liable for any deficiency incurred as a result of the sale or other disposition of the Vehicle/Goods and Seller has the right to a deficiency judgment.

**Legal Fees and Other Expenses**
In the event Seller initiates a lawsuit to collect the amount Buyer owes, the prevailing party will owe reasonable legal fees and expenses.

**Seller's Rights**
If Buyer fails to make any payments to others as required herein or fails to perform any of Buyer's obligations hereunder, Seller may make such payment or take such action as may be necessary on Buyer's behalf and add this cost to Buyer's account which will bear finance charges at the applicable rate hereunder from the date incurred.

Seller may delay enforcing any of Seller's rights under this Contract without losing them. Seller may apply any amount Seller receives from Buyer first to Seller's accrued charges. Seller may assign any of Seller's rights under this Contract without Buyer's consent.

**General Provisions**
(1) *Power of Attorney.* Buyer appoints Seller as Buyer's attorney-in-fact to execute any notices, financing or other statements in Buyer's name and to perform all other acts which are deemed appropriate to perfect or to continue perfection of the security interest.
(2) *Definitions.* In this Contract, the term "Buyer" includes each of the "Buyers" as well as all of them. The term "Seller" means the creditor identified on the front of this Contract, and the Assignee or any other holder of this Contract if Seller assigns this Contract.
(3) *Insurance Provisions.* Buyer authorizes Seller to collect any refund of insurance premiums and apply it against the Buyer's indebtedness under this Contract. Further, Buyer agrees that, if the Vehicle/Goods are lost or damaged, the Seller may use any insurance settlement to reduce what Buyer owes or to repair the Vehicle/Goods. If the Vehicle/Goods are repossessed, Buyer agrees that the Seller may claim benefits under any optional insurance or service contracts financed under this Contract, and may terminate any such contracts to obtain refunds for unearned charges.
(4) *Severability.* If any provision of this Contract should be invalid, illegal or unenforceable in any respect, the validity, legality and enforcement of the remaining provisions shall not in any way be affected or impaired.
(5) *Integration.* All of the agreements between the Buyer and Seller are set forth in this Contract and no modification of this Contract shall be valid unless it is made in writing and signed by the Buyer and Seller.
(6) *Applicable Law.* Questions about this Contract will be settled by North Carolina law except as modified by federal law and regulations.

**Notice**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Seller's Assignment**
Seller hereby sells, assigns and transfers to the Assignee named below, its entire right, title and interest in this Contract, any security therefore, and any guarantee, subject to the endorsement below and subject to any written agreement that is in effect between the Seller and Assignee.

Seller represents and warrants as follows:

1. This Contract is and will remain genuine, legally valid and enforceable.
2. The subject Vehicle/Goods have been delivered to the Buyer who has purchased same for his own use and benefit unless otherwise stated.
3. All of the facts set out in this Contract concerning total sale price, downpayment and trade-in are true.
4. We have complied in good faith with all disclosure requirements and provisions of state and Federal laws applicable to this Contract.
5. This written Contract is the entire agreement between Seller and Buyer.

All warranties are made to induce the Assignee to purchase this Contract. If there is a breach of any of the warranties or if Buyer asserts any defenses under this Contract, Seller will, on demand, repurchase this Contract for the balance then remaining unpaid plus all losses and expenses paid or incurred by Assignee in connection with this Contract. Seller waives all demands and notices of default and consents that, without notice to Seller, Assignee may extend time to or compromise or release, by operation of law or otherwise, any right against the Buyer or any other obligor.

Assignee is American Honda Finance Corporation (AHFC) unless otherwise specified below:

**Seller's Endorsement**
The above assignment by Seller is made upon the endorsement and agreement indicated below:

☐ With Full Recourse and Unconditional Guarantee.
(INITIAL)
   Seller guarantees payment of the unpaid balance on the said Contract as and when the same shall become due.

☐ Full Repurchase.
(INITIAL)
   If AHFC repossesses the Vehicle/Goods, Seller will, upon AHFC's demand, pay AHFC the then unpaid balance, provided the Vehicle/Goods are offered to us within ninety (90) days after maturity of the earliest installment still wholly in default.

☒ Without Recourse.
(INITIAL)

☐ Limited Repurchase.
(INITIAL)
   If Buyer fails to pay _____ installments, undersigned will repurchase the Vehicle/Goods upon repossession and will pay therefore the unpaid portion of the Total Balance.

☐ Partial Guarantee.
(INITIAL)
   Undersigned, upon default of this Contract, will pay AHFC on demand
   $ _____

Date of Assignment: 1-17-10

Seller's Name: Honda of Sanford

Title: Manager

Seller's Signature: _____
(Partner, Officer, or other Authorized Individual)

**Guarantee**
The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing on the Contract. The undersigned waive notice of acceptance of this guarantee, of any extensions in time of payment, of sale of any Vehicle/Goods and of all other notices to which the undersigned would be otherwise entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against Buyers.

Guarantor: _____

Guarantor: _____

AHFC 700NC 9/04

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| VIN | 1HFTE3741B4200301 | | | Financed | 11/17/2010 | Tech | **FDI** |
| Status | **Perfected Title**<br>**Paper**<br>**No Title Required** | | | Work | / / | | |
| | | | | Imported | / / | | |
| | | | | Added | 11/24/2010 | | |
| Lienholder Status | | | | Perfected | 11/17/2010 | | |
| | | | | Payoff | / / | Tech | |
| Borrower | VIRGINIA L PATTERSON<br>ROBERT C PATTERSON<br><br>1464 PROSPECT CHURCH RD<br>DUNN, NC  28334-7089 | | | Released | / / | | |
| | | | | Release Type | | | |
| | | | | Exported | / / | | |
| | | | | Response | / / | Code | |
| Borrower Home Phone | (919) 902-1983 | | | Deleted | / / | | |
| | | | | Expires | 11/17/2015 | | |
| Borrower Work Phone | (919) 934-3511 | | | FDI Assigned User | | FDI Action Date | / / |
| | | | | Lienholder Assigned User | | Lienholder Action Date | / / |
| Branch | 01109 | Acct # | 00000XXXXX9564000 | Misc. | | | |
| Loan # | 00000XXXXX9564000 | Suffix | 1 | State | NC | **Paper** | |
| Owner | | | | | | | |
| Lienholder | | | | | | | |
| Dealer ID | 00104860 | | | | | | |
| Year | | Make | | | | | |
| License | | Title # | | | | | |
| Body | | Vehicle Type | VEH | | | | |
| Dealer | H | EOT Indicator | | | | | |
| Account Type | **Financed (Loan)** | Loan Type | **Vehicle** | | | | |